IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTWAIN D. SMITH,

                         Petitioner,

             v.                              CASE NO.12-3156-RDR

CLAUDE MAYE,

                         Respondent.


MEMORANDUM AND ORDER


     This matter comes before the court on petitioner's motion to alter or amend judgment (Doc. 4).

**Background**

     This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. By its Memorandum and Order of July 24, 2012, the court dismissed the petition without prejudice due to petitioner's apparent admission that he had failed to exhaust administrative remedies. *See* Complaint, p. 2 ("…this matter presents the type of extraordinary claim for relief on the merits that the courts have determined to be outside the exhaustion rule" and "the exhaustion of remedies would bear no impact on the merits of the claim.")

     In the motion to alter or amend, petitioner argues the court's finding was erroneous, and he states "the movant clearly informed the Court that he [had] exhausted his administrative remedies on or about April 11, 2012, and to the extent allowed to him…." (Doc. 4, p. 1.)

**Discussion**

     Petitioner's motion under Rule 59(e) of the Federal Rules of

Civil Procedure is timely. In order to succeed on the motion, he must show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005,1012 (10th Cir. 2000).

The exhaustion of available administrative remedies is a prerequisite to seeking habeas corpus relief pursuant to § 2241, *see Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(per curiam), and the requirement is satisfied by the proper use of available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The administrative remedy process available to federal prisoners has four levels of review, beginning with informal resolution and proceeding through formal requests to the warden, the Regional Director, and the BOP Central Office. *See* 28 C.F.R. §§ 542.10-542.19 (explaining the administrative grievance process).

The court has reviewed the record and finds no basis to grant relief. The petitioner's argument of futility is not persuasive. While petitioner's complaint states he pursued relief with the Associate Warden, this does not excuse additional efforts. The federal regulations establish response times and provide that where a prisoner does not receive a timely response, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Finally, because the relief sought concerns the execution of petitioner's federal sentences, the development of an administrative record will assist the court in reviewing the calculation of the sentences.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to

alter or amend (Doc. 4) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 19th day of October, 2012, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge